EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  |  |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>WALL TO WALL, LLC., a Delaware limited liability company doing business as VEEV; LENNAR CORPORATION, a Delaware stock corporation; JUAN AGUAYO, an individual; and DOES 1 through 100, inclusive,<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* YOVANIK FLORES, an<br>individual and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>07/15/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____A. Gospel_____ Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

|  |  |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>County of Alameda-- George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, California 94501 | CASE NUMBER: *(Número del Caso):*<br><br>25CV131440 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Bibiyan Law Group, P.C., Sarah H. Cohen, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

| DATE: 07/15/2025 | Clerk, by | | , Deputy |
|---|---|---|---|
| *(Fecha)* Chad Finke, Executive Officer / Clerk of the Court | *(Secretario)* | Andrei Gospel | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL — Superior Court of California, County of Alameda]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* WALL TO WALL, LLC., a Delaware limited liability company doing business as VEEV

    under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [X] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

                             Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**BIBIYAN LAW GROUP, P.C.**
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorney for Plaintiff, YOVANIK FLORES and
on behalf of all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
07/15/2025 at 01:49:38 PM
By: Andrel Gospel,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| YOVANIK FLORES, an individual and on behalf of all others similarly situated, <br> Plaintiff, <br><br> v. <br><br> WALL TO WALL, LLC., a Delaware limited liability company doing business as VEEV; LENNAR CORPORATION, a Delaware stock corporation; JUAN AGUAYO, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 25CV131440 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. FAILURE TO PAY OVERTIME WAGES; <br><br> 2. FAILURE TO PAY MINIMUM WAGES; <br><br> 3. FAILURE TO PROVIDE MEAL PERIODS; <br><br> 4. FAILURE TO PROVIDE REST PERIODS; <br><br> 5. WAITING TIME PENALTIES; <br><br> 6. WAGE STATEMENT VIOLATIONS; <br><br> 7. FAILURE TO INDEMNIFY; <br><br> 8. UNFAIR COMPETITION. <br><br> **DEMAND FOR JURY TRIAL** <br><br> [Amount in Controversy Exceeds $35,000.00] |

1    Plaintiff YOVANIK FLORES, on behalf of Plaintiff and all others similarly situated, alleges

2  as follows:

3                                    **GENERAL ALLEGATIONS**

4                                        **INTRODUCTION**

5        1.        This is a Class Action, pursuant to Code of Civil Procedure section 382, against WALL

6  TO WALL, LLC. doing business as VEEV, and any of its respective subsidiaries or affiliated

7  companies within the State of California ("VEEV"); LENNAR CORPORATION, and any of its

8  respective subsidiaries or affiliated companies within the State of California ("LENNAR"); and JUAN

9  AGUAYO ("AGUAYO" and collectively, with VEEV, LENNAR and DOES 1 through 100, as

10  further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-

11  exempt California employees employed by or formerly employed by Defendants ("Class Members").

12                                            **PARTIES**

13      A.    **Plaintiff**

14        2.        Plaintiff YOVANIK FLORES is a resident of the State of California.  At all relevant

15  times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed

16  Plaintiff as a non-exempt employee, with duties that included, but were not limited to, dispensing

17  materials to different departments. Plaintiff is informed and believes, and based thereon alleges, that

18  Plaintiff YOVANIK FLORES worked for Defendants from approximately February of 2024 through

19  approximately February of 2025.

20      B.    **Defendants**

21        3.        Plaintiff is informed and believes and based thereon alleges that defendant VEEV is,

22  and at all times relevant hereto was, a limited liability company organized and existing under and by

23  virtue of the laws of the State of Delaware and doing business in the County of Alameda, State of

24  California.

25        4.        Plaintiff is informed and believes and based thereon alleges that defendant LENNAR

26  is, and at all times relevant hereto was, a stock corporation organized and existing under and by virtue

27  of the laws of the State of Delaware and doing business in the County of Alameda, State of California.

28

CLASS ACTION COMPLAINT

5.      Plaintiff is informed and believes and based thereon alleges that Defendant AGUAYO is, and at all times relevant hereto was, an individual residing in California, as well as the human resources representative of Plaintiff YOVANIK FLORES at Defendant VEEV, and DOES 1 through 100, as further defined below.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include VEEV, LENNAR, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as Individual AGUAYO and DOES 1 through 100 identified herein.

## **JOINT LIABILITY ALLEGATIONS**

7.      Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees,

1  agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct

2  of said corporate employees, agents, and representatives, the defendant corporation respectively and

3  collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise

4  approved of each and all of the said acts and conduct of the aforementioned corporate employees,

5  agents and representatives.

6    9.    Plaintiff is further informed and believes and based thereon alleges that Individual

7  AGUAYO and DOES 51 through 100 violated, or caused to be violated, the above-referenced and

8  below-referenced Labor Code provisions in violation of Labor Code section 558.1.

9    10.    Plaintiff is informed and believes, and based thereon allege, that there exists such a

10  unity of interest and ownership between Defendants, and each of them, that their individuality and

11  separateness have ceased to exist.

12    11.    Plaintiff is informed and believes, and based thereon alleges that despite the formation

13  of the purported corporate existence of VEEV, LENNAR, and DOES 1 through 50, inclusive (the

14  "Alter Ego Defendants"), they, and each of them, are one and the same with Individual AGUAYO

15  and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the

16  following reasons:

17    A.    The Alter Ego Defendants are completely dominated and controlled by the Individual

18      Defendants who personally committed the wrongful and illegal acts and violated the

19      laws as set forth in this Complaint, and who has hidden and currently hide behind the

20      Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some

21      other wrongful or inequitable purpose;

22    B.    The Individual Defendants derive actual and significant monetary benefits by and

23      through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego

24      Defendants as the funding source for the Individual Defendants' own personal

25      expenditures;

26    C.    Plaintiff is informed and believes and thereon alleges that the Individual Defendants

27      and the Alter Ego Defendants, while really one and the same, were segregated to appear

28

as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.  Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.  The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.  Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

12.  As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

13.  Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

14.  Venue is proper in Alameda County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Alameda County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in

1  which performance of the employment contract, or part of it, between Plaintiff and Defendants was

2  due to be performed; the county in which the employment contract, or part of it, between Plaintiff and

3  Defendants was actually performed; and the county in which Defendants, or some of them, reside.

4  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in

5  Alameda County, and because Defendants employ numerous Class Members in Alameda County.

6  **FACTUAL BACKGROUND**

7      15.      For at least four (4) years prior to the filing of this action and continuing to the present,

8  Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of

9  them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff

10  and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

11  consecutive work days in a work week without being properly compensated for hours worked in

12  excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

13  worked on the seventh consecutive work day in a work week by, among other things, failing to

14  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;

15  engaging, suffering, or permitting employees to work off the clock, including, without limitation, by

16  requiring Plaintiff and Class Members: to come early to work and leave late for work without being

17  able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in,

18  to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for

19  meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or

20  safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the

21  clock, to drive off the clock, and/or go through security screenings and/or temperature checks off the

22  clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive

23  pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular

24  rate of pay for the pay periods where overtime was worked and the additional compensation was

25  earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time

26  entries, editing and/or manipulation of time entries; and by attempting but failing to properly

27  implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to

28

1    implement a written agreement designating the regularly scheduled alternative workweek in which
2    the specified number of work days and work hours are regularly recurring; failing to adopt the AWS
3    in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the
4    affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any
5    AWS election; and/or failing to register an AWS election with the State of California, as required by
6    Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.
7        16.        For at least four (4) years prior to the filing of this Action and continuing to the present,
8    Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of
9    them, in violation of California state wage and hour laws as a result of, among other things, at times,
10   failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is
11   above the minimum wage; engaging, suffering, or permitting employees to work off the clock,
12   including, without limitation, by requiring Plaintiff and Class Members: to come early to work and
13   leave late for work without being able to clock in for all that time, to suffer under Defendants' control
14   due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks
15   after clocking out, to clock out for meal periods and continue working, to clock out for rest periods,
16   to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the
17   clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time
18   entries; editing and/or manipulation of time entries to show less hours than actually worked; failing
19   to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and
20   Class Members.
21       17.        For at least four (4) years prior to the filing of this Action and continuing to the present,
22   Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely
23   thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours
24   in a work day and a second thirty (30) minute uninterrupted meal period for days on which they
25   worked in excess of ten (10) hours in a work day, and failing to provide compensation for such
26   unprovided meal periods as required by California wage and hour laws.
27       18.        For at least four (4) years prior to the filing of this action and continuing to the present,
28

1   Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of

2   them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction

3   thereof and failed to provide compensation for such unprovided rest periods as required by California

4   wage and hour laws.

5        19.        For at least three (3) years prior to the filing of this action and continuing to the present,

6   Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount

7   of their wages owed to them upon termination and/or resignation as required by Labor Code sections

8   201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, and

9   premium wages.

10       20.        For at least one (1) year prior to the filing of this Action and continuing to the present,

11  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

12  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

13  earned; all applicable hourly rates in effect during the pay period and the corresponding number of

14  hours worked at each hourly rate; the name and address of the legal entity that is the employer; the

15  name and address of the entity securing the services of the farm labor contractor who employed

16  Plaintiff and Class Members; and other such information as required by Labor Code section 226,

17  subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an

18  accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

19       21.        For at least one (1) year prior to the filing of this action and continuing to the present,

20  Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount

21  of their wages for labor performed in a timely fashion as required under Labor Code section 204.

22       22.        For at least three (3) years prior to the filing of this action and continuing to the present,

23  Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred

24  in using cellular phones for work-related purposes.

25       23.        For at least four (4) years prior to the filing of this action and continuing to the present,

26  Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated

27  employees or former employees within the State of California with the rights provided to them under

28

CLASS ACTION COMPLAINT

1    the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

2        24.        Plaintiff, on their own behalf and on behalf of Class Members, brings this action

3    pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 245, *et*

4    *seq.*, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section

5    11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and

6    rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, requiring

7    an agreement in writing to terms and/or conditions which Defendants know is prohibited by law;

8    failure to indemnify work-related expenses, other such provisions of California law, and reasonable

9    attorneys' fees and costs.

10        25.        Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

11    Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

12    prohibiting Defendants from further violating the Labor Code and requiring the establishment of

13    appropriate and effective means to prevent further violations, as well as all monies owed but withheld

14    and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution

15    of amounts owed.

16                                **CLASS ACTION ALLEGATIONS**

17        26.        Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

18    pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and

19    former non-exempt employees of Defendants within the State of California at any time commencing

20    four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class

21    action is provided to the class (collectively referred to as "Class Members").

22        27.        Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

23    to amend or modify the class description with greater specificity, further divide the defined class into

24    subclasses, and to further specify or limit the issues for which certification is sought.

25        28.        This action has been brought and may properly be maintained as a class action under

26    the provisions of Code of Civil Procedure section 382 because there is a well-defined community of

27    interest in the litigation and the proposed Class is easily ascertainable.

28

A.    **Numerosity**

29.       The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

30.       Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B.    **Commonality**

31.       There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J. Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K. Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

L. Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

M. Are Class Members entitled to costs and attorneys' fees?

N. Are Class Members entitled to interest?

C.    **Typicality**

32.      The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

D.    **Adequacy of Representation**

33.      Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

E.    **Superiority of Class Action**

34.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class

1  Members.  Class Members, as further described therein, have been damaged and are entitled to

2  recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the

3  Labor Code at times, as set out herein.

4       35.     Class action treatment will allow Class Members to litigate their claims in a manner

5  that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of

6  any difficulties that are likely to be encountered in the management of this action that would preclude

7  its maintenance as a class action.

8  **FIRST CAUSE OF ACTION**

9  **(Failure to Pay Overtime Wages – Against All Defendants)**

10       36.     Plaintiff realleges and incorporates by reference all of the allegations contained in the

11  preceding paragraphs as though fully set forth hereat.

12       37.     At all relevant times, Plaintiff and Class Members were employees or former

13  employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

14  Wage Orders.

15       38.     At all times relevant to this Complaint, Labor Code section 510 was in effect and

16  provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in

17  one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at

18  the rate of no less than one and one-half times the regular rate of pay for an employee."

19       39.     At all times relevant to this Complaint, Labor Code section 510 further provided that

20  "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

21  the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh

22  day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

23       40.     Four (4) years prior to the filing of the Complaint in this Action through the present,

24  Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more

25  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)

26  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a

27  result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours

28

1  actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to
2  work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come
3  early to work and leave late for work without being able to clock in for all that time, to suffer under
4  Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in
5  and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock
6  out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company
7  meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through
8  security screenings and/or temperature checks off the clock; failing to include all forms of
9  remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask
10 allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods
11 where overtime was worked and the additional compensation was earned for the purpose of
12 calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or
13 manipulation of time entries; and by attempting but failing to properly implement an alternative
14 workweek schedule ("AWS") (including, without limitation, by failing to implement a written
15 agreement designating the regularly scheduled alternative workweek in which the specified number
16 of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot
17 election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees
18 in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or
19 failing to register an AWS election with the State of California, as required by Labor Code section
20 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

21     41.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than
22 eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays
23 without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on
24 occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and
25 applicable IWC Wage Orders, and California law.

26     42.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been
27 deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus
28

1   interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and

2   1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

3                          **SECOND CAUSE OF ACTION**

4              **(Failure to Pay Minimum Wages – Against All Defendants)**

5        43.        Plaintiff realleges and incorporates by reference all of the allegations contained in the

6   preceding paragraphs as though fully set forth hereat.

7        44.        At all relevant times, Plaintiff and Class Members were employees or former

8   employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

9        45.        Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class

10  Members were entitled to receive minimum wages for all hours worked or otherwise under

11  Defendants' control.

12       46.        For four (4) years prior to the filing of the Complaint in this Action through the present,

13  Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular

14  rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off

15  the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to

16  work and leave late for work without being able to clock in for all that time, to suffer under

17  Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in

18  and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock

19  out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company

20  meetings off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding

21  of employee time entries; editing and/or manipulation of time entries to show less hours than actually

22  worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of

23  Plaintiff and Class Members.

24       47.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

25  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for

26  all hours worked or otherwise due.

27       48.        Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections

28

1   1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

2   the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages,

3   reasonable attorneys' fees and costs of suit.

4   ### THIRD CAUSE OF ACTION

5   **(Failure to Provide Meal Periods – Against All Defendants)**

6   49.     Plaintiff realleges and incorporates by reference all of the allegations contained in the

7   preceding paragraphs as though fully set forth hereat.

8   50.     At all relevant times, Plaintiff and Class Members were employees or former

9   employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

10   51.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall

11   employ an employee for a work period of more than five (5) hours without a timely meal break of not

12   less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore,

13   no employer shall employ an employee for a work period of more than ten (10) hours per day without

14   providing the employee with a second timely meal period of not less than thirty (30) minutes in which

15   the employee is relieved of all of his or her duties.

16   52.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

17   with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

18   the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of

19   compensation for each workday that the meal period is not provided.

20   53.     For four (4) years prior to the filing of the Complaint in this Action through the present,

21   Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free

22   uninterrupted meal periods every five hours of work without waiving the right to take them, as

23   permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

24   Member's regular rate of compensation on the occasions that Class Members were not provided

25   compliant meal periods.

26   54.     By their failure to provide Plaintiff and Class Members compliant meal periods as

27   contemplated by Labor Code section 512, among other California authorities, and failing, at times, to

28

1  provide compensation for such unprovided meal periods, as alleged above, Defendants willfully

2  violated the provisions of Labor Code section 512 and applicable Wage Orders.

3      55.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

4  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

5  for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

6      56.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid

7  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

8  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

9  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

10                          **FOURTH CAUSE OF ACTION**

11              **(Failure to Provide Rest Periods – Against All Defendants)**

12      57.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

13  preceding paragraphs as though fully set forth hereat.

14      58.    At all relevant times, Plaintiff and Class Members were employees or former

15  employees of Defendants covered by applicable Wage Orders.

16      59.    California law and applicable Wage Orders require that employers "authorize and

17  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work

18  period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3

19  ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts

20  of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest

21  period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)

22  minutes of paid rest period.

23      60.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

24  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

25  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

26  regular rate of compensation for each work day that the rest period is not provided.

27      61.    For four (4) years prior to the filing of the Complaint in this Action through the present,

28

1  Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-

2  minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.

3  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's

4  regular rate of compensation on the occasions that Class Members were not authorized or permitted

5  to take compliant rest periods.

6      62.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take

7  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

8  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully

9  violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

10     63.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

11  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

12  for rest periods that they were not authorized or permitted to take.

13     64.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

14  additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest

15  and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of

16  Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

17                            **FIFTH CAUSE OF ACTION**

18        **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

19     65.      Plaintiff realleges and incorporates by reference all of the allegations contained in the

20  preceding paragraphs as though fully set forth hereat.

21     66.      At all relevant times, Plaintiff and Class Members were employees or former

22  employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

23  Wage Orders.

24     67.      Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

25  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

26  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge

27  immediately upon termination.  Class Members who resigned were entitled to payment of all wages

28

1 earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they

2 gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the

3 time of resignation.

4      68.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years

5 before the filing of the Complaint in this Action through the present, Defendants, due to the failure,

6 at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all

7 wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

8      69.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

9 Class Members all wages earned prior to termination or resignation in accordance with Labor Code

10 sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and

11 Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but

12 intentionally adopted policies or practices incompatible with the requirements of Labor Code sections

13 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or

14 resignation.

15      70.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

16 waiting time penalties from the date their earned and unpaid wages were due, upon termination or

17 resignation, until paid, up to a maximum of thirty (30) days.

18      71.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

19 suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

20 prior to termination or resignation.

21      72.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

22 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

23 waiting time penalties, interest, and their costs of suit, as well.

24 **SIXTH CAUSE OF ACTION**

25 **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

26      73.     Plaintiff realleges and incorporates by reference all of the allegations contained in the

27 preceding paragraphs as though fully set forth hereat.

28

74.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

75.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; and the name and address of the entity securing the services of the farm labor contractor who employed Plaintiff and Class Members, among other things.

76.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; and the name and address of the entity securing the services of the farm labor contractor who employed Plaintiff and Class Members, among other things.

77.    Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

78.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about

1  wages and amounts deducted from wages to state and federal governmental agencies, among other

2  things.

3      79.      Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are

4  entitled to recover $50 for the initial pay period during the period in which violation of Labor Code

5  section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay

6  period, not to exceed an aggregate $4,000.00 per employee.

7      80.      Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure

8  section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full

9  amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees,

10  and costs of suit.

11              **SEVENTH CAUSE OF ACTION**

12          **(Violation of Labor Code § 2802 – Against All Defendants)**

13      81.      Plaintiff realleges and incorporates by reference all of the allegations contained in the

14  preceding paragraphs as though fully set forth hereat.

15      82.      At all relevant times, Plaintiff and Class Members were employees or former

16  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

17      83.      Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

18  his or her employee for all necessary expenditures or losses incurred by the employee in direct

19  consequence of the discharge of his or her duties . . ."

20      84.      For three (3) years prior to the filing of the Complaint in this Action through the

21  present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

22  necessary expenditures or losses in direct consequence of the discharge of their duties or at the

23  obedience to the directions of Defendants that included, without limitation: using cellular phones for

24  work-related purposes.

25      85.      During that time period, Plaintiff is informed and believes, and based thereon alleges

26  that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class

27  Members for those losses and/or expenditures.

28

86.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

87.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

88.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

89.    Plaintiff is informed and believes and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Plaintiff is further informed and believes and based thereon alleges that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.* Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

90.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

91.    Moreover, as a result of Defendants' unfair competition, as alleged herein, the public has suffered injury. Defendants' Labor Code violations provide them with an unfair competitive advantage against other California employers. Pursuant to Business and Professions Code sections 17203 and 17204, Plaintiff seeks public injunctive relief for the benefit of the general public that

1 | prohibits Defendants from further violating the Labor Code and requiring the establishment of

2 | appropriate and effective means to prevent further violations.  This relief benefits Plaintiff only

3 | incidentally and as a member of the general public.  The primary purpose and effect of this prohibition

4 | is to prohibit unlawful acts that threaten future injury to the general public by means of Defendants'

5 | unlawful competition with other California employers.  (*McGill v. CitiBank, N.A.* (2017) 2 Cal.5th

6 | 945, 954; *accord* at 957.)

7 |      92.     As a distinct ground, Plaintiff seeks under Labor Code section 17203 restitution of all

8 | wages and other monies owed to them under the Labor Code, including interest thereon, in which

9 | Plaintiff and Class Members had a property interest and which Defendants nevertheless failed to pay

10 | them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff

11 | and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their

12 | failure to comply with the Labor Code.

13 |      93.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure

14 | section 1032 and interest under Civil Code section 3287.

15 | **DEMAND FOR JURY TRIAL**

16 |      94.     Plaintiff demands a trial by jury on all causes of action contained herein.

17 | **PRAYER**

18 |      WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

19 | against Defendants as follows:

20 |      A.     An order certifying this case as a Class Action;

21 |      B.     An Order appointing Plaintiff as Class representative and appointing

22 |      Plaintiff's counsel as class counsel;

23 |      C.     Damages for all wages earned and owed, including minimum and overtime wages,

24 |      under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

25 |      D.     Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

26 |      E.     Damages for unpaid premium wages from missed meal and rest periods under,

27 |      among other Labor Code sections, 512, 558.1 and 226.7;

28 |

F.   Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G.   Waiting time penalties under Labor Code sections 203 and 558.1;

H.   Penalties to timely pay wages under Labor Code section 210;

I.   Damages under Labor Code sections 2802 and 558.1;

J.   Preliminary and permanent public injunctions under Labor Code section 17200, *et seq.* imposed for the benefit of the public prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations, thus permitting proper competition by other California employers;

K.   Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

L.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

M.   For attorneys' fees in prosecuting this action;

N.   For costs of suit incurred herein; and

O.   For such other and further relief as the Court deems just and proper.

Dated:  June 19, 2025                         BIBIYAN LAW GROUP, P.C.


                              BY:   */s/ Sarah H. Cohen*
                                    _____
                                    Sarah H. Cohen

                              Attorney for Plaintiff YOVANIK FLORES and
                              on behalf of all others similarly situated

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>BIBIYAN LAW GROUP, P.C. Sarah H. Cohen (Cal. Bar No. 330700)<br>1460 Westwood Boulevard Los Angeles, California 90024<br><br>TELEPHONE NO.:310-438-5555     FAX NO.:310-300-1705<br>EMAIL ADDRESS:sarah@tomorrowlaw.com<br>ATTORNEY FOR *(Name)*:Plaintiff. YOVANIK FLORES | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/15/2025 at 01:49:38 PM<br>By: Andrel Gospel,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:2233 Shoreline Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME:George E. McDonald Hall of Justice

CASE NAME:
YOVANIK FLORES V. WALL TO WALL, LLC., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25CV131440<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Eight (08)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 07/15/2025
Sarah H. Cohen                                          /s/ Sarah H. Cohen
_____                   _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]    **CIVIL CASE COVER SHEET**    Page 2 of 2

privacy, please press the Clear This Form button after yo…    [ Print this form ]  [ Save this form ]    [ Clear this form ]

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: YOVANIK FLORES V. WALL TO WALL, LLC., et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)   [ ] Hayward Hall of Justice (447)   [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [x] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes   [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

<table>
<tr><td colspan="2">

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
YOVANIK FLORES

DEFENDANT:
WALL TO WALL, LLC., a Delaware limited liability company doing

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

07/15/2025

Clad Fike , Executive Officer / Clerk of the Court

By: _____ Deputy
A. Gospel

</td></tr>
<tr><td>

### NOTICE OF CASE MANAGEMENT CONFERENCE

</td><td>

CASE NUMBER:
25CV131440

</td></tr>
</table>

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

Date: 11/17/2025       Time: 2:30 PM       Dept.: 21

Location: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

• EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
• EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
• EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/15/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _A. Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>YOVANIK FLORES | |
| DEFENDANT/RESPONDENT:<br>WALL TO WALL, LLC., a Delaware limited liability company doing business as VEEV et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV131440 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sarah H. Cohen
Bibiyan Law Group
1460 Westwood Boulevard
Los Angeles,, CA 90024

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/18/2025                    By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**                    AUG 0 1 2025